# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Dave Taylor

    v.                                    Case No. 20-cv-183-PB

Warden, Federal Correctional Institution,
Berlin, New Hampshire

## REPORT AND RECOMMENDATION

Before the court is FCI-Berlin inmate Dave Taylor's initial
pleading, entitled "Petition for an Order Directing FCI-Berlin
to Immediately Cease Copying and Withholding Court and Legal
Correspondence Pursuant [sic] 28 U.S.C. § 2241 and Local Rule
7.1(f) (Request for Expedited Treatment)" (Doc. No. 1).  In that
filing, Mr. Taylor asserts that he was litigating an action in
which he sought resentencing, and that delays caused by FCI-
Berlin's practice of "copying and withholding court and other
legal correspondence" caused him to lose an opportunity to file
a petition for a panel rehearing, or rehearing en banc, in
United States v. Taylor, No. 19-6752 (4th Cir. Oct. 23, 2019)
(ECF No. 7) ("Taylor II"), an unpublished, per curiam Fourth
Circuit decision which affirmed a post-judgment ruling in United
States v. Taylor, No. 3:99-cr-00145-REP-2 (E.D. Va. Apr. 3,
2019) (ECF No. 488) ("Taylor I").

This court docketed Mr. Taylor's initial pleading here
(Doc. No. 1) as a § 2241 petition; to that extent, the matter is

here for preliminary review to determine whether, from the petition, attached exhibits, and the incorporated parts of the underlying record in Mr. Taylor's criminal case, it appears that Mr. Taylor is not entitled to relief.  See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

The type of injunctive relief Mr. Taylor seeks – an order directing prison officials not to copy or withhold his court correspondence and other legal correspondence - falls outside the core of the relief available through a § 2241 petition.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("claims that merely challenge the conditions of a prisoner's confinement" fall outside of core of habeas corpus, though they may be brought in a civil rights action).  Such requests for relief relating to prison conditions, like Mr. Taylor's, seeking an injunction concerning the handling of his court mail and other legal correspondence, are not properly litigated in a § 2241 action.  See Gray v. Zenk, No. 15-cv-508-LM, 2017 WL 3595512, at *2-*3, 2017 U.S. Dist. LEXIS 134157, at *5-*6 (D.N.H. Aug. 1, 2017) (request for injunctive relief to prevent prison officials from withholding or destroying petitioner's legal materials is not properly considered in habeas action), R&R approved, 2017 WL 3601231, 2017 U.S. Dist. LEXIS 132995 (D.N.H. Aug. 18, 2017).

Moreover, even if Mr. Taylor's claims were subject to
review and disposition here, the petition would still be
properly dismissed, as it is plain on its face and upon the
court orders Mr. Taylor incorporates by reference, that Mr.
Taylor is not entitled to relief on his access-to-the-courts
claim.  To state a claim that prison officials have violated an
inmate's right of access to the courts, the inmate must plead
facts showing he was actually injured in his ability to pursue a
nonfrivolous claim.  See Lewis v. Casey, 518 U.S. 343, 352, 354-
55 (1996).  Mr. Taylor asserts he lost the opportunity to file a
petition for a panel rehearing or for a rehearing en banc with
respect to the October 23, 2019 order in Taylor II, which
affirmed the April 3, 2019 decision in Taylor I, "for the
reasons stated by the district court."  Taylor II (4th Cir. Oct.
23, 2019) (ECF No. 7, slip op. at 1).  The court in Taylor I had
denied Mr. Taylor's motion for resentencing under § 404 of the
First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat.
5194, 5222, "for lack of jurisdiction," upon concluding that Mr.
Taylor's First Step Act claims were not properly within the
scope of that court's jurisdiction at that time, because Mr.
Taylor was simultaneously litigating an appeal of a different
post-conviction ruling in the Fourth Circuit.  Taylor I (E.D.
Va. Apr. 3, 2019) (ECF No. 488, slip op. at 1) (citing United
States v. Taylor, No. 19-6186 (4th Cir. filed Jan. 31, 2019)

3

("Taylor III")).  The court in Taylor II, in affirming the district court's jurisdictional decision, clarified that the denial of Mr. Taylor's motion had been "without prejudice." Taylor II (4th Cir. Oct. 23, 2019) (ECF No. 7, slip op. at 1).

The public dockets and orders in Taylor I, Taylor II, and Taylor III, demonstrate conclusively that Mr. Taylor was seeking First Step Act relief in Taylor I while simultaneously pursuing an appeal in Taylor III in the Fourth Circuit.  Mr. Taylor has not pleaded any facts suggesting that he could have presented any non-frivolous claim to warrant reconsideration of the relevant October 23, 2019 ruling in Taylor II.  And after the Fourth Circuit's issuance of the mandate in Taylor II, the court in Taylor I issued an order specifically allowing Mr. Taylor to refile his motion for resentencing under the First Step Act "when [Taylor III] is no longer pending" in the Fourth Circuit. Taylor I (E.D. Va. Feb. 6, 2020) (ECF No. 498, slip op. at 1). Accordingly, the district judge should dismiss Mr. Taylor's § 2241 petition (Doc. No. 1) and deny his request for injunctive relief, as it plainly appears that Mr. Taylor is not entitled to any relief arising from the petition here (Doc. No. 1).

## Conclusion

For reasons stated above, this action should be dismissed in its entirety, and Mr. Taylor's request for injunctive relief should be denied.  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

March 3, 2020

cc:  Dave Taylor, pro se